UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASSOCIATION OF WOMEN WITH DISABILITIES ADVOCATING ACCESS, SUING ON BEHALF OF DELORES JACKSON AND ITS MEMBERS; DELORES JACKSON, an individual<br><br>             Plaintiffs,<br><br>v.<br><br>450 FLETCHER PARKWAY, et al.,<br><br>             Defendants. | Civil No. 06cv1832 H(RBB)<br><br>NOTICE AND ORDER FOR EARLY NEUTRAL EVALUATION CONFERENCE |

Due to the Court's calendar and in order to encourage maximum participation of all litigants and the Court, good cause appears to continue the early neutral evaluation conference beyond forty-five days of the filing of the first answer.

IT IS HEREBY ORDERED that an early neutral evaluation of your case will be held on <u>January 3, 2007, at 8:30 a.m.</u> in the chambers of United States Magistrate Judge Ruben B. Brooks, United States Courthouse, 940 Front Street, Room 1185, San Diego, California.

Pursuant to Rule 16.1(c) of the Local Rules of the United States District Court for the Southern District of California, all

parties, claims adjusters for insured Defendants and non-lawyer representatives with full and unlimited authority[1] to enter into a binding settlement, as well as the principal attorneys responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case.  Corporate counsel shall not appear on behalf of a corporation as the party representative who has the authority to negotiate and enter into a settlement. Failure to attend or obtain a proper excusal will be considered grounds for sanctions.  (Where the suit involves the United States or one of its agencies, only counsel for the United States with full settlement authority need appear.)  (If Plaintiff is incarcerated in a penal institution or other facility, the Plaintiff's presence is not required and Plaintiff may participate by telephone.  In that case, defense counsel is to coordinate the Plaintiff's appearance by telephone.)

---

[1] "Full authority to settle" means that the individuals at the settlement conference be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648 (7th Cir. 1989).  The person needs to have "unfettered discretion and authority" to change the settlement position of a party. Pitman v. Brinker Int'l, Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003).  The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face-to-face conference. Pitman at 486.  A limited or a sum certain of authority is not adequate. Nick v. Morgan's Foods, Inc., 270 F.3d 590 (8th Cir. 2001).

Plaintiff's(s') counsel shall give notice of the Early Neutral Evaluation Conference to all defendants filing an answer after the date of this notice.

All conference discussions will be informal, off the record, privileged and confidential.  Absent good cause shown, if any party, counsel, or representative fails to promptly appear at the settlement conference, fails to comply with the terms of this Order, including the failure to timely provide the settlement conference memoranda, is substantially unprepared to meaningfully participate in the settlement conference, or fails to participate in good faith in the settlement conference, the settlement conference may be vacated and sanctions may be imposed pursuant to Rules 16(f) and 37(b)(2)(B), (C), and (D), Federal Rules of Civil Procedure.

Based upon the Court's familiarity with these matters and in the interest of promoting the just, efficient and economical determination of this action, the Court issues the following orders at this time:

1. All discovery shall be stayed in this case until the completion of the early neutral evaluation conference;

2. Twenty-one days prior to the currently set conference, Plaintiff's counsel shall lodge **(VIA FAX OR MAILED/HAND-DELIVERED COPY)** with Magistrate Judge Brooks's chambers and serve on opposing counsel a statement, **not in excess of five pages**, including:

   a. An itemized list of the specific issues on the subject premises which are the basis of the claimed violations under the Americans with Disabilities Act;

1             b.    A statement of the amount and category of damages
2  claimed by Plaintiff in this action;
3             c.    The amount claimed for attorney's fees and costs;
4  and
5             d.    The Plaintiff's demand for settlement of the case in
6  its entirety.
7      3.    **PLAINTIFF'S COUNSEL SHALL BE PREPARED TO PRESENT
8  DOCUMENTATION TO THE COURT, AT THE EARLY NEUTRAL EVALUATION
9  CONFERENCE, TO SUPPORT THE AMOUNT OF ATTORNEY'S FEES AND COSTS
10 CLAIMED FOR <u>IN CAMERA</u> REVIEW.**
11     4.    After service of Plaintiff's statement and no later than
12 fourteen days prior to the early neutral evaluation conference,
13 counsel for the parties, and any unrepresented parties, shall **<u>meet
14 and confer in person at the subject premises</u>** regarding settlement
15 of (1) the alleged premise violations, and (2) damages, costs and
16 attorney fee claims.  Plaintiff's counsel shall be responsible for
17 making the arrangements for the conference.  **The meet and confer
18 obligation <u>cannot</u> be satisfied by telephone or the exchange of
19 letters**.  No later than seven days prior to the early neutral
20 evaluation conference, counsel shall lodge with Magistrate Judge
21 Brooks's chambers a <u>joint statement</u> certifying that the required
22 **in-person conference** between counsel has taken place and advising
23 the Court of the status of settlement negotiations and setting
24 forth all issues in dispute, including property issues, Plaintiff's
25 alleged damages, and the claim for attorney's fees and costs, along
26 with a description of any settlement demands and/or offers
27 exchanged.
28

In the event the case does not settle at the early neutral evaluation conference, the parties shall also be prepared to discuss the following matters at the conclusion of the conference:

1. Any anticipated objections under Federal Rules of Civil Procedure 26(a)(1)(E) to the initial disclosure provisions of Federal Rule of Civil Procedure 26(a)(1)(A-D);

2. The scheduling of the Federal Rule of Civil Procedure 26(f) conference;

3. The date of initial disclosure and the date for lodging the discovery plan following the Rule 26(f) conference; and

4. The scheduling of a case management conference pursuant to Federal Rule of Civil Procedure 16(b).

The Court will issue an order following the early neutral evaluation conference addressing these issues and setting dates as appropriate.

Questions regarding this case may be directed to the magistrate judge's research attorney at (619) 557-3404.

Dated: November 27, 2006

RUBEN B. BROOKS
United States Magistrate Judge

cc: All Parties of Record

A Notice of Right to Consent to Trial Before a United States Magistrate Judge is attached for your information.

K:\COMMON\BROOKS\CASES\1983\JACKSON1832\ENENOT.WPD

revised 9/03

**NOTICE OF RIGHT TO CONSENT TO TRIAL BY UNITED STATES MAGISTRATE JUDGE**

In accordance with the provisions of 28 U.S.C. § 636(c), you are hereby notified that a United States Magistrate Judge of this district may, upon the consent of all parties, conduct any or all proceedings, including a jury or non-jury trial, and order the entry of a final judgment. Consent forms are available in the Clerk's office. Counsel for the Plaintiff shall be responsible for obtaining the consent of all parties, should they desire to consent.

You should be aware that your decision to consent or not to consent is entirely voluntary and should be communicated solely to the Clerk of the Court. Only if all parties consent will the district judge or magistrate judge to whom the case has been assigned be informed of your decision.

Judgments of the United States Magistrate Judges are appealable to the United States Court of Appeals in accordance with this statute and the Federal Rules of Appellate Procedure unless the parties at the time of their consent to trial before a magistrate judge agree upon review by the United States District Court.

K:\COMMON\BROOKS\CASES\1983\JACKSON1832\ENENOT.WPD

revised 9/03